UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL L. ROBERTS,

    Petitioner,

v.                                                Case No. 3:16-cv-1204-J-39JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

Petitioner Michael L. Roberts initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) on September 19, 2016. Roberts challenges five prison disciplinary reports. Doc. 1. Roberts asserts that he was denied a fair and impartial prison disciplinary hearing in violation of his due process rights under the Fourteenth Amendment. Id. As relief, Roberts requests that the Court issue an order compelling the Florida Department of Corrections (FDOC) to restore 120 days of lost gain time, restore forty days of lost prospective gain time, and correct his release date to reflect the correct date of March 9, 2017. See Doc. 1 at 8. Respondents filed a Response (Doc. 8) on January 23, 2017, and Roberts filed a Reply on March 23, 2017 (Doc. 9).

Since the filing of the Petition, however, Roberts has been released from FDOC's custody. See Inmate Release Information Search, Florida Department of Corrections, available at http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited July 17, 2018). On June 14, 2018, the Court directed the parties to show cause, by July 16, 2018,

as to why this case should not be dismissed as moot due to Roberts release from custody. See Doc. 10. On June 15, 2018, Respondents filed a response confirming that Roberts has been released from FDOC's custody and requesting the Court to dismiss this case as moot. See Doc. 12. As of the date of this Order, Roberts has neither complied with the Court's Order to Show Cause (Doc. 10), explained his noncompliance, nor requested additional time to comply. Notably, Roberts has not filed any documents since the filing of his Reply over a year ago (Doc. 9).

"If a petitioner is released from imprisonment subsequent to his filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution . . . . Whether an action is moot is a jurisdictional matter." Shuler v. Warden, FCC Coleman –USP II, No. 5:12-cv-2580Oc-29PRL, 2015 WL 4606220, *1 (M.D. Fla. July 30, 2015) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395–96 (1980); Mattern v. Sec'y for Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir.2007); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987)). Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1988).

Where a petitioner files a federal habeas petition only challenging a disciplinary report and the forfeiture of gain time, no collateral consequence exists after the petitioner is released from prison. Therefore, the petition is moot upon his release as there is no longer a case or controversy to litigate. See, e.g., Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state

prisoner's § 2254 petition challenging miscalculation of gain time credits where prisoner was no longer in custody); Lenoir v. Crews, No. 4:12cv157-RH/CAS, 2013 WL 3811187, *3 (N.D. Fla. July 20, 2013) (dismissing as moot a § 2254 petition seeking only restoration of allegedly wrongfully forfeited gain time where petitioner was released from prison); Schmidt v. McNeil, No. 5:07cv281/RS-MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010) (dismissing as moot a § 2254 petition challenging a disciplinary report and the resulting loss of gain time because the petitioner was released from prison); Bango v. Mcdonough, No. 2:05-cv-466/RV/EMT, 2006 WL 3483512 (N.D. Fla. Nov. 29, 2006) (same); Doss v. Crosby, 357 F. Supp. 2d 1334, 1335–36 (N.D. Fla. 2005) (even if prisoner could show gain time was wrongfully forfeited, the court could not grant relief).

Here, Roberts has been released from prison based on the expiration of his sentence. Because the primary purpose of filing this action was to restore forfeited gain time that would provide for a release date of March 9, 2017, Roberts no longer has a case and controversy to litigate now. Accordingly, the Petition is due to be dismissed as moot.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED as moot**.

2. The Clerk shall enter judgment dismissing this case as moot and close the file.

3. If Roberts appeals the dismissal of this case, the Court denies a certificate of appealability[1] and the Clerk shall terminate from the pending motions report any

---

[1] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Roberts "must demonstrate that reasonable jurists would

3

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C: Michael L. Roberts, #107150
Brett Michael Roy Colman, Esq.

---

find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court will deny a certificate of appealability.

4